Donald E. BRADLEY, Sr., Plaintiff–Appellant,

v.

ALTON & SOUTHERN RAILWAY CO., et al., Defendants–Appellees.

No. 04–1649.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 29, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Donald E. Bradley, Sr., Belleville, IL, Plaintiff–Appellant Pro Se.

Leslie G. Offergeld, Walker & Williams, Belleville, IL, for Defendant–Appellee.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

Donald Bradley brought this suit *pro se* against his former employer, the Alton & Southern Railway Company ("A & S"), seeking review under the Railway Labor Act (RLA), 45 U.S.C. § 153, of a decision of a Public Law Board upholding his termination by A & S. Bradley alleged that his termination violated the 1972 United Transportation Union National Training Agreement ("UTU Agreement" or "Agreement") —— the bargaining agreement between numerous railroads, including the A & S, and the railroad employees represented by the United Transportation Union. The district court concluded that it lacked jurisdiction to review Bradley's claims because they were preempted by the RLA, and Bradley had alleged none of the exceptions permitting judicial review of a decision by a Public Law Board. The court nonetheless ruled on the merits, granting summary judgment in favor of A & S. We agree with the district court that the RLA preempts Bradley's claim, but vacate the summary judgment grant and remand with instructions to dismiss the case for lack of subject matter jurisdiction.

In February 2001 Bradley, then a switchman at A & S, sought admission into the company's engineer training program, which is governed by the UTU Agreement. Under the Agreement, an employee could be admitted into the training program only after passing a written examination but would be given only two opportunities to pass the exam. If he failed to pass on the first attempt, he could retake the exam not less than thirty days or more than ninety days later. Although admission into the program was voluntary, an employee who sought admission but failed to pass the exam could not return to his previous position; instead his employment would be terminated. The Agreement did contain an exception in the case of illness: any employee who could not continue the admission process due to "sickness or proper leave of absence" would not be terminated.

The parties agree that Bradley twice failed the exam, which typically would be

cause to terminate his employment. But Bradley's Union intervened on his behalf, apparently arguing that the second exam attempt was invalid because it occurred less than thirty days after the first attempt. A & S agreed to permit a third attempt.

This dispute centers around Bradley's third attempt to pass the exam, on May 24, 2001. There is conflicting evidence in the record: Bradley contends that he became ill and was unable to complete the exam, while A & S asserts that Bradley completed but failed the exam. In any event Bradley did not pass the exam on his third attempt, and A & S terminated him by letter dated May 24.

Bradley's Union appealed the termination to a Public Law Board ("Board"), arguing that his illness rendered the May 24 testing insufficient to constitute the agreed-upon third attempt. At the hearing before the Board, Bradley submitted that he visited the hospital emergency room on the morning before the exam and that doctors there advised him not to return to work. Bradley related that he informed the testing administrator of his medical problems and requested medical leave but that the administrator denied his request, advising him to take breaks as necessary. Bradley stated that he attempted to complete the exam but finished only half. According to Bradley, he advised the administrator that he was leaving to go to the hospital, where he was admitted for three days.

A & S, however, submitted that Bradley completed the exam on May 24 and once again failed. According to an unsworn letter written by the test administrator, Bradley finished the test but failed, missing 29 of 150 questions. In the letter the administrator related that as he completed his review of Bradley's exam, Bradley became "extremely agitated," took his answer sheets, and left the exam.

The Board upheld the termination. The Board noted that although the evidence was undisputed that Bradley visited the hospital on the evening he took the test, Bradley had submitted no evidence that he was ill during the test other than his own statements. The Board concluded that even if Bradley was ill during the test, he did not inform the administrator. The Board noted that it was not clear whether Bradley "took the whole test or just a part of it" and that the record contained numerous "evidentiary disputes." But in the end the Board credited the version of events described by A & S, concluding that "because the best available proof of an uncompleted test is apparently in Claimant's hands and unproduced, the Board is forced to conclude that he did finish and fail the test."

Bradley then brought this suit in the district court arguing that his termination from A & S violated the UTU Agreement. Specifically, Bradley alleged that he received insufficient training prior to taking the engineer training exam, that he was forced to take the second exam less than thirty days after taking the first exam, that he was unable to complete the exam on his third attempt because of illness, and that the test scores presented to the Board were false. The district court concluded that the Railway Labor Act, 45 U.S.C. § 153, prohibited judicial review of the Board's decision.

Congress passed the RLA "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc., v. Norris,* 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994); *see Coker v. Trans World Airlines, Inc.,* 165 F.3d 579, 583 (7th Cir.1999). To effect that goal, the RLA provides for mandatory

arbitration of all disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 153 First(i). A "minor dispute" is one that can be resolved by interpreting the existing collective bargaining agreement. *Norris,* 512 U.S. at 252; *Coker,* 165 F.3d at 583. In contrast, a "major dispute" is one about rights that relate to the formation of or are independent of the collective bargaining agreement. *Norris,* 512 U.S. at 252; *Coker,* 165 F.3d at 583. So-called "minor disputes" must be resolved through a railroad's internal dispute resolution process; if not settled there such disputes may be submitted to a Public Law Board established by agreement between the union and the employer. 45 U.S.C. § 153 Second; *see Atchison, Topeka & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 563, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987); *Kulavic v. Chi. & Ill. Midland Ry. Co.,* 1 F.3d 507, 512–13 (7th Cir.1993). Review of a Public Law Board's decision is "among the narrowest known to law." *Pokuta v. Trans World Airlines, Inc.,* 191 F.3d 834, 839 (7th Cir.1999) (quoting *Union Pac. R.R. Co. v. Sheehan,* 439 U.S. 89, 91, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978)).

Bradley does not challenge the district court's conclusion that his suit involves a "minor dispute" under the RLA. Thus, we can review Bradley's challenge to the Board's decision only if his "allegations state the types of objections that would permit us to upset the decision of the Board," namely that the Board failed to comply with the RLA, exceeded its jurisdiction, or engaged in fraud or corruption. *Pokuta,* 191 F.3d at 839; *see* 45 U.S.C. § 153 First(q).

On appeal Bradley's primary challenge does not involve any of these three exceptions. Bradley argues that A & S fabricated the test scores showing that he failed the third exam and that the Board improperly refused to acknowledge that he sought medical care the morning before the exam.

An argument that the Board overlooked facts, however, is "no more than an attack on the Board's conclusions" and as such is impermissible under the RLA. *Steffens v. Bhd. of Ry., Airline and S.S. Clerks, Freight Handlers, Express & Station Employees,* 797 F.2d 442, 447 (7th Cir.1986). Bradley argues that the Board ignored evidence that he sought medical care on the morning of the exam, but he points to no relevant documents in support. And Bradley's argument regarding fabricated test scores boils down to an attack on the Board's decision to credit the facts and evidence presented by A & S and to find in favor of the employer. Since Bradley "alleges no *facts* that go beyond expressions of disagreement with the result," his challenge to the Board's decision is preempted by the RLA. *Id.* (emphasis in original).

■ For the first time on appeal Bradley suggests that his claim fits the exceptions permitting judicial review of the Board's decision. For instance, Bradley argues that the Board member appointed by the employer [1] committed fraud by intentionally omitting references to documentation of Bradley's visit to the hospital on the morning of the third exam attempt and that the Board exceeded its jurisdiction by ignoring the existence of these documents. But Bradley waived these arguments by failing to present them to the district court. *See Grayson v. City of Chicago,* 317 F.3d 745, 751 (7th Cir.2003). Similarly, Bradley now adds that this court

---

1. By agreement between the union and the employer, the Board consisted of one member appointed by the employer, one appointed by the Union, and one with no affiliation. *See* 45 U.S.C. § 153 Second.

can review the Board's decision because it generally violated his right to due process. Although we have recognized that the decision of a Public Law Board can be reviewed if the suit includes an allegation that a party was denied due process, *Pokuta*, 191 F.3d at 839, Bradley raises this argument for the first time on appeal so it, too, is waived, *see Grayson*, 317 F.3d at 751.

 Bradley did not allege that his complaint fit any of the exceptions permitting judicial review of a decision by a Public Law Board under the RLA, so the district court lacked jurisdiction to review his claims. Under the foregoing circumstances, a dismissal rather than a grant of summary judgment was appropriate. Thus, the decision of the district court granting summary judgment to A & S is VACATED. We REMAND with instructions to dismiss for lack of jurisdiction.